**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

RICHARD T. CAPO, JR.,

                        Plaintiff,

-vs-

COUNTY OF STEUBEN, STEUBEN COUNTY DISTRICT ATTORNEY'S OFFICE, John C. Tunney *as District Attorney of County of Steuben*, and PATRICIO JIMENEZ, *Individually and as an Employee of the Steuben County District Attorney's Office*,

                        Defendants.

DECISION AND ORDER

11-CV-6447-CJS

**APPEARANCES**

For Plaintiff:
David H. Jacobs, Esq.
Shawn Michael Sauro, Esq.
Law Office of David H. Jacobs
85 E. Market Street
Suite 201
Corning, NY 14830
(607) 654-7072

For Defendants:
Bryan J. Maggs, Esq.
Davidson & O'Mara, P.C.
243 Lake St.
Elmira, NY 14901
(607) 733-4635

**INTRODUCTION**

**Siragusa, J.** This case is before the Court on a Notice of Motion, filed by Defendants on October 21, 2011, ECF No. 2, seeking an Order dismissing Plaintiff's summons and complaint, Sept. 8, 2011, ECF No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

**BACKGROUND**

The Court will adopt the factual allegations from the Complaint for the purposes of analyzing Defendants' motion to dismiss. *Burnette v. Carothers*, 192 F.3d 52, 56

(1999), *cert. denied*, 531 U.S. 1052 (2000). Plaintiff alleges that on or about July 20, 2009, Assistant District Attorney Patricio Jimenez ("Jimenez") began an investigation of Plaintiff and subsequently filed a "Prosecutor's Information" charging him with a misdemeanor: Stalking in the Third Degree, in violation of New York Penal Law § 120.50(3). Compl. Ex. A, ECF No. 1-1. The Prosecutor's Information was accompanied by a supporting deposition from Jennifer Adriance, Plaintiff's estranged wife. *Id.* Using the Prosecutor's Information, Jimenez obtained an arrest warrant from the Honorable Peter C. Bradstreet, Steuben County Court Judge. Plaintiff was arrested by the Steuben County Sheriff's Department on or about September 11, 2009, arraigned before a town justice, entered a not guilty plea, and was released with an Order of Protection. Compl. ¶ 17.

On or about July 9, 2010, Plaintiff's attorney in the state criminal case moved for dismissal of the charges, arguing they had been illegally initiated. *Id.* ¶ 18. In an affirmation opposing the motion and filed with the Corning City Court, Christopher M. Tunney ("Tunney"), an Assistant District Attorney for Steuben County, admitted that in filing a Prosecutor's Information, "the letter of the CPL[1] was not exactly followed; however, going forward with these charges [sic] would result in nothing more than harmless error." Tunney Aff. ¶ 4, Compl. Ex. B, ECF No. 1-1. In that regard, Plaintiff alleges that no grand jury directed the filing of a prosecutor's information, which would have been the only legitimate way that such an instrument could be used to *commence* a criminal action. Plaintiff also states that the case against him, commenced as it was with an improperly-filed prosecutor's information, was one of a pattern of at least four

---

[1] A reference to the New York Criminal Procedure Law, specifically section 100.10 which, as discussed below, limits the situations in which a prosecutor can file charges against an individual.

cases in which the Steuben County District Attorney's Office improperly employed prosecutors informations to commence criminal actions. The stalking charge against Plaintiff was dismissed on July 13, 2010. Compl. ¶ 18, ECF No. 1.

Plaintiff lists the following causes of action in his complaint: (1) denial of Plaintiff's rights under the Fifth, Sixth and Fourteenth Amendments and 42 U.S.C. § 1983 against all individual district attorneys; (2) claim against County of Steuben for the actions of the Steuben County District Attorney's Office pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) and 42 U.S.C. § 1983; (3) claim against County of Steuben for actions of the Steuben County District Attorney's Office and Jimenez for violations of Plaintiff's Fifth, Sixth and Fourteenth Amendment rights and *Brady v. Maryland*, 373 U.S. 83 (1963); (4) negligent hiring, training and supervision by the County of Steuben; (5) abuse of process (pendent claim) against the County of Steuben and the Steuben County District Attorney's Office; (6) abuse of process (pendent claim) against Jimenez; and (7) malicious prosecution (pendent claim) against all the defendants.

Defendants have moved to dismiss the complaint arguing as follows: Point I, Plaintiff's claim is barred by *res judicata*; Point II, Plaintiff failed to file a Notice of Claim as required by New York General Municipal Law § 50-e; and Point III, Plaintiff has failed to state a cause of action upon which relief can be granted for false imprisonment and malicious prosecution. Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, Oct 21, 2011, ECF No. 2-7. Plaintiff has filed an opposing memorandum, Nov. 23, 2011, ECF Nos. 5 (cover page) and 5-1 (body of the memo),

and Defendants filed a reply memorandum, Dec. 21, 2011, ECF No. 7. The Court heard oral argument on the motion on Thursday, January 19, 2012.

**STANDARD OF LAW**

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotations omitted); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the

defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (citing *In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400–01 n. 3 (2d Cir. 1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157 158. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir., 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; see also 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and

5

that "all pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 [1957]). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 [2d Cir. 1977]; *Koch v. Yunich*, 533 F.2d 80, 85 [2d Cir. 1976]; *Powell v. Jarvis*, 460 F.2d 551, 553 [2d Cir. 1972]).

*Parisi v. Coca Cola Bottling Co.*, 995 F. Supp. 298, 300–01 (E.D.N.Y. 1998).

## ANALYSIS

As outlined above, Defendants raise three arguments in support of their motion. The Court will address them in the order presented in Defendants' memo of law.

### *Res Judicata*

Defendants contend that because New York State Supreme Court Justice Alex R. Renzi analyzed Plaintiff's summons with notice in the course of denying Plaintiff's motion for leave to file a late notice of claim, and found that any claim for false imprisonment was made beyond the statute of limitations, and that Plaintiff's claim for malicious prosecution was deficient, Justice Renzi's decision was on the merits of Plaintiff's claims before the state court. As a result, Defendants argue that Justice Renzi's decision is *res judicata* on Plaintiff's claims in this lawsuit.

"Under the doctrine of *res judicata*, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were

6

or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks omitted). Justice Renzi's discretionary decision not to grant leave to file a late notice of claim was based on the considerations outlined in *Dubowy v. City of New York*, 305 A.D.2d 320 (N.Y. App. Div. 1st Dept. 2003). In that case, the Appellate Division listed factors for the judge to consider in exercising his discretion:

> The key factors which the court must consider in determining if leave should be granted are whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense….

*Id.* at 321 (citations omitted). Justice Renzi did not examine the complaint at bar, but, rather, the allegations in a three-page notice of claim designed not to plead a case, but to put the municipality on notice as to the nature of the claim and permit it to investigate and gather evidence. *See Teresta v. New York*, 304 N.Y. 440, 443 (1952) ("The prime, if not the sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available."). He was not required to address the merits of the action, though did comment substantive aspects of the case in making his determination regarding prejudice. As to the Notice of Claim, the Court finds that Justice Renzi's decision was not on the merits of Plaintiff's claims in this lawsuit and, thus, does not bar the Court's consideration of the complaint pursuant to Federal Rule of Civil Procedure 12.

*Notice of Claim*

As a condition precedent to filing suit against a municipality in the New York courts, a litigant must file a notice of claim. N.Y. Gen. Mun. L. §50-e (McKinney's 2007). *McLaurin v. New Rochelle Police Officers*, 368 F. Supp. 2d 289, 296 (S.D.N.Y. 2005) ("The Federal courts have applied that prerequisite to State law claims brought in Federal court. The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action."), *affirmed in part, vacated in part on other grounds, by McLaurin v. Falcone*, No. 04-4849-cv, 2007 U.S. App. LEXIS 1839 (2d Cir. Jan. 25, 2007). Plaintiff does not dispute that he failed to file a notice of claim. Consequently, his pendant state claims in the complaint are subject to dismissal.

However, Defendants argue that in addition to dismissing his pendent State claims, Plaintiff's Federal claims under 42 U.S.C. § 1983 should also be dismissed because of the failure to file a timely notice of claim. Defendants rely principally on *Giacamazzo v. City of New York*, 94 A.D.2d 369 (N.Y. App. Div. 1st Dep't 1983). In that diversity case, the Appellate Division held that a dismissal of Giacamazzo's Federal complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) was a decision on the merits and, therefore, barred his subsequent State lawsuit on the same grounds. The distinguishing feature is that in the case before the Appellate Division,

> [t]he United States District Court granted the motion to dismiss the complaint for failure to file a notice of claim against the city within 90 days of the accident (General Municipal Law, § 50-e) and failure to institute the action within one year and 90 days of its accrual (General Municipal Law, § 50-i). The United States Court of Appeals for the Second Circuit affirmed the dismissal.

*Giacomazzo*, 94 A.D.2d at 370. Here, Justice Renzi's decision does not consider the constitutional claims brought under the Federal complaint pending before the Court.

8

Defendants' premise, that a notice of claim is a prerequisite to a § 1983 constitutional claim, is wrong. New York's notice of claim statute applies to State law causes of action, but does not apply to Federal constitutional claims. *See Howlett v. Rose*, 496 U.S. 356, 376–77 (1990); *Felder v. Casey*, 487 U.S. 131, 134 (1988) (holding that Wisconsin notice of claim statute does not apply to Federal civil rights actions brought in state court, but does apply to State causes of action brought in Federal court); *Ahern v. Neve*, 285 F. Supp. 2d 317, 321 (E.D.N.Y. 2003) ("While the notice of claims requirement applies to state-based claims, it does not apply to actions brought pursuant to Section 1983."). Accordingly, the Court rejects Defendants' argument that Plaintiff's failure to file a timely notice of claim precludes his Federal civil rights claims here.

***Failure to State a Cause of Action***

Defendants' final argument is that Plaintiff's complaint is barred by the one year and 90-day limitations period in New York General Municipal Law § 50-i(c) and New York Civil Procedure Law and Rules § 215. Pl.'s Mem. of Law, at 5, Oct. 21, 2011, ECF No. 2-7. The Supreme Court, though, made clear in *Owens v. Okure*, 488 U.S. 235, 251 (1989), that the statute of limitations is the New York three year limitations period governing general personal injury actions. Here, the accrual date for false arrest is September 11, 2009. Compl. ¶ 17. This lawsuit was filed on September 8, 2011, a period well within the three-year limitations period. The same limitations period applies to the malicious prosecution claim under § 1983. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Therefore, both claims are timely brought.

The Court now turns its attention to the plausibility standard. First, to make out a prima facie claim of false arrest, a plaintiff must show that: (1) the defendants

intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not "'otherwise privileged.'" *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Here, Defendants argue that Plaintiff was not confined, but only given an appearance ticket, and that is arrest was made pursuant to a judicial warrant.

The Court has considered Plaintiff's argument that neither actual malice nor want of probable cause is an essential element of an action for false imprisonment. Pl.'s Mem. of Law, at 8, Nov. 23, 2011, ECF No. 5-1. In the case cited by Plaintiff in support of his position, *Marks v. Townsend*, 97 N.Y. 590 (1885), the New York Court of Appeals held that, "[t]he plaintiff was also properly nonsuited as to his cause of action for false imprisonment." *Id.* at 596. There, as here, the plaintiff was arrested upon a warrant issued by a judicial officer based on information provided to him, and the warrant was subsequently dismissed by that same judicial officer when additional information was presented to him. *Id.* The Court of Appeals determined that,

> [i]f a warrant of attachment or an order of arrest is issued in an action upon facts giving the judge jurisdiction and the defendant appears, and by showing new facts, or denying those alleged against him, procures the attachment or the order to be set aside, the process is not void or voidable, or irregular, but simply erroneous, and protects the judge and the party who procures it, although it is set aside, against an action for trespass or false imprisonment.

*Marks,* 97 N.Y. at 597. There, as here, the arrest pursuant to a warrant was "otherwise privileged," *Savino*, 331 F.3d at 75, and the complaint does not make out a plausible claim of false arrest.

Turning to Plaintiff's claim of malicious prosecution, former United States Supreme Court Chief Justice William Rehnquist noted in *Albright v. Oliver*, 510 U.S.

10

266, 270 n.4, that "the extent to which a claim of malicious prosecution is actionable under § 1983 is one 'on which there is an embarrassing diversity of judicial opinion.' 975 F.2d at 345, citing *Brummett v. Camble*, 946 F.2d 1178, 1180, n.2 (5th Cir. 1991) (cataloging divergence of approaches by the Courts of Appeals)." In this Circuit, as to a claim of malicious prosecution under § 1983, the court in *Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010), held that,

> In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment… and must establish the elements of a malicious prosecution claim under state law. To establish a malicious prosecution claim under New York law, a plaintiff must prove "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Murphy v. Lynn*, 118 F.3d at 947 (quoting *Russell v. Smith*, 68 F.3d at 36).

*Id.* at 160–61 (some citations omitted). Defendants contend that Plaintiff has not shown that the criminal proceedings were terminated in his favor. The Court notes that the complaint only states that "charges [sic]"[2] were dismissed "as they were improperly and illegally initiated." Compl. ¶ 18. The attachments to the complaint show that the prosecutor's information was backed by supporting depositions from Jennifer Adriance, Plaintiff's estranged wife, Richard Adriance, Jennifer's father, Tiffany Card, Jennifer's niece, and Randall Ketchum, Jennifer's former husband and a high school classmate of Plaintiff's. The complaint does not plausibly show that dismissal of the charges against Plaintiff was based on the merits of the case. If the dismissal is characterized as being in the interest of justice, N.Y. Crim. P. L. § 170.40, it would not be a termination in favor of the accused. On this point, the Second Department observed in *MacLeay v. Arden*

---

[2] The Prosecutor's Information, Compl. Ex. A, Jul. 20, 2009, ECF No. 1-1, lists only one charge, stalking in the third degree.

*Hill Hosp.*, 164 A.D.2d 228 (N.Y. App. Div. 3d Dept. 1990), "'A dismissal 'in the interest of justice' is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered." *Id.* at 230–31 (quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 504–05 (1984)). If, as Plaintiff alleges, the State court dismissed the charges because the prosecutor improperly used a prosecutor's information to initiate them,[3] that dismissal would not indicate that the State court had found the charges to be lacking in merit. In fact, the charges supported a determination by one judge that the issuance of a warrant was supported by probable cause. Therefore, the Court finds that the current complaint fails to state a plausible cause of action for malicious prosecution under 42 U.S.C. § 1983 and the Fourth Amendment.

## CONCLUSION

For the foregoing reasons, Defendants' application, ECF No. 2, is granted, and the causes of action brought under the Constitution and 42 U.S.C. § 1983 are dismissed. The State causes of action are dismissed for failure to file a timely notice of claim. The Clerk is directed to enter judgment for Defendants and close this case.

DATED:    March 6, 2012
          Rochester, New York

                    ENTER.

                             /s/ Charles J. Siragusa
                             CHARLES J. SIRAGUSA
                             United States District Judge

---

[3] In his Practice Commentaries, N.Y. Crim. P. L. § 100.10 (McKinney's 2007), Peter Preiser states that a prosecutor's information may not be used to commence a criminal proceeding "unless it is the first accusatory instrument filed, and this can only occur where it is filed at the direction of a grand jury on a charge not made in a previously filed accusatory instrument."